**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

_____

**MALIBU MEDIA, LLC,**
          Plaintiff,

v.                                                                Case No. 14-cv-0932

**JOHN DOE subscriber assigned**
**IP address 67.52.243.131,**
          Defendant.
_____

**DECISION AND ORDER**

Plaintiff Malibu Media, an adult film producer, filed this copyright infringement suit alleging that defendant violated 17 U.S.C. §§ 106 and 501 by copying and distributing copies of plaintiff's copyrighted movies using file-sharing software called BitTorrent.[1] According to the complaint, plaintiff's investigator downloaded one or more pieces of plaintiff's copyrighted movies from a computer using defendant's IP address. Plaintiff used geolocation technology to trace defendant's IP address to a physical address located in the Eastern District of Wisconsin; however, an IP address does not reveal the name of the people who use it, so plaintiff named defendant as "John Doe subscriber assigned IP address 67.52.243.131" and moved for permission to take discovery before the Rule 26(f) conference, *see* Fed. R. Civ. P. 26(d)(1), so that it could serve a subpoena on Time Warner Cable, the internet service provider that assigned the IP address at issue, and

---

[1] BitTorrent allows a "swarm" of computers to download and upload files from each other. Instead of downloading an entire file, such as a movie, from one other computer, a BitTorrent user downloads pieces of the movie from multiple computers in the swarm. Once the user has obtained all of the pieces, the BitTorrent software assembles the pieces into the completed file, and the user is able to view the movie. The user's computer also becomes a source for the pieces it downloads, meaning other BitTorrent users in the swarm can download them directly from the user's computer.

obtain information about the identity of the subscriber to whom the IP address was assigned. I granted this motion, and defendant filed a motion to dismiss or alternatively quash the subpoena or enter a protective order, which I address now.[2]

### I. Motion to Dismiss

Defendant asks me to dismiss this case pursuant to Fed. R. Civ. P. 11(b)(1), which states that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Defendant argues that plaintiff "may be misusing the Court to intimidate defendants who may or may not be guilty into quickly settling due to the nature of the material." Def.'s Mot. Dismiss at 3 (ECF No. 8). As evidence, defendant cites several articles which describe plaintiff as a copyright troll and detail litigation tactics aimed at "scar[ing] people into settling early to avoid having their names attached to a federal lawsuit" involving pornography. Mike Masnick, *Malibu Media Sanctioned Again For Bogus Copyright Abuse & Intimidation*, TechDirt (Dec. 13, 2013, 5:29PM), https://www.techdirt.com/articles/20131213/15210325563/malibu-media-sanctioned-again-bogus-copyright-abuse-intimidation.shtml. Defendant also point to the fact that plaintiff has never taken measures to protect its copyrighted material from infringement aside from the mass filing of lawsuits.

---

[2] This motion was filed anonymously and signed by "John Doe Subscriber Assigned IP Address 67.52.234.131," and there is no indication that it was filed by an attorney. Thus, I will treat it as a motion filed by a pro se party and liberally construe defendant's filings. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).

2

Rule 11(c) authorizes me to sanction a party for a violation of Rule 11(b), but defendant specifically states that he is not seeking sanctions under Rule 11(c). Def.'s Mot. Dismiss at 4 n.8 (ECF No. 8). Further, defendant has presented no evidence that the complaint in this case was filed for an improper purpose. While the articles defendant cites about plaintiff's litigation strategies in other cases is concerning, he has presented no evidence that plaintiff has used any coercive tactics in this litigation,[3] and I cannot sanction plaintiff for something it has not yet done. *See, e.g.*, *Malibu Media, LLC v. John Does 1-5*, 285 F.R.D. 273, 278 (S.D.N.Y. 2012) ("We are reluctant to prevent plaintiff from proceeding with its case based only on a 'guilt-by-association' rationale."). Therefore, I will not dismiss plaintiff's claims on this basis.

Defendant also argues that I should dismiss this case because defendant is the IP address subscriber but not necessarily the infringer, thus someone other than defendant could have used his IP address to distribute the movies. I construe this as a motion to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss at the pleadings stage, plaintiff is not required to provide evidence to support its allegations; it must merely allege a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, plaintiff has done that. The complaint alleges that defendant is the IP address subscriber and the infringer, and while it is possible that someone other than the subscriber used the subscriber's internet connection to illegally download plaintiff's copyrighted materials, it is also plausible

---

[3] For example, one article defendant cites discusses the practice of attaching a long list of movies downloaded using defendant's IP address that are unrelated to the copyrights-in-suit. Masnick, *supra*. Such a list was not filed with this complaint.

3

that the subscriber himself did so. At this stage in the litigation, this is enough.

Defendant also cites several cases in which district court judges dismissed similar suits brought by plaintiff for improper venue because "[t]here is nothing that links the IP address location to the identity of the person actually downloading and viewing Plaintiff's videos, and establishing whether that person lives in this district." *Malibu Media, LLC v. Doe*, No. 14-cv-20213, slip op. at 1 (S.D. Fla. Mar. 19, 2014). I construe this as a separate argument that I should dismiss this case for improper venue.

Proper venue in copyright cases rests "in the district in which the defendant or his agent resides or may be found, " 28 U.S.C. § 1400(a). At this stage in the litigation, the facts alleged in plaintiff's complaint adequately establish that it is at least plausible that defendant resides or may be found in this district. The complaint alleges that plaintiff used geolocation technology to link the IP address with a physical address in this district and that the subscriber of that IP address allegedly infringed plaintiff's copyright. Defendant does not dispute that he resides in this district and provides no evidence to the contrary. Although it is possible that the actual infringer does not reside in this district, the complaint adequately pleads facts supporting a possibility that he does. Thus, the complaint has established "at least a good faith belief" that venue is proper and that early discovery will allow plaintiff to prove this. *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 995 (D.C. Cir. 2014) (internal quotations and citation omitted). Because defendant has not shown any evidence of an improper motive for filing this complaint and because the complaint adequately pleads facts sufficient to support a claim as well as venue, I will deny defendant's motion to dismiss.

4

## II. Motion to Quash Subpoena or Enter Protective Order

Next, I address defendant's motion to quash the third party subpoena issued to Time Warner Cable seeking the name and address associated with the IP address at issue. Generally, the scope of civil discovery is broad, extending to any information that is relevant to any party's claims or defense. Fed. R. Civ. P. 26(b)(1). However, I must quash a subpoena when it "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). I may also issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c).

Defendant first asserts that plaintiff is not entitled to the name and address of the IP address subscriber because it is not relevant, arguing that "IP subscribers are not necessarily copyright infringers" and thus identifying information about the IP subscriber is not necessarily relevant to plaintiff's infringement claims. *VPR Internationale v. Does 1-1017*, No. 11-2068, 2011 WL 8179128, at *1–2 (C.D. Ill. Apr. 29, 2011). While it is possible that someone other than the IP subscriber distributed the films using defendant's IP address, it is also possible that the IP subscriber is the infringer, as alleged in the complaint. Further, the complaint specifically alleges that the IP subscriber is the infringer. Thus, at this point, the IP subscriber's identifying information is relevant to plaintiff's claim and plaintiff is entitled to at least proceed to discovery to determine whether it can prove that it was defendant who used the IP address to distribute the movies.

Defendant also argues that I should quash the subpoena or issue a protective order because the subpoena imposes an undue burden by requiring Time Warner Cable to respond to a subpoena which may or may not lead to the identity of the infringer and by annoying and burdening defendant with attorney's fees even though he may not be the

5

infringer. First, I note that defendant does not have standing to argue the subpoena should be quashed because it places a burden on Time Warner Cable; only Time Warner Cable may raise that issue. *Breaking Glass Pictures v. Does 1-32*, No, 2:13-cv-849, 2014 WL 467137, at *6 (S.D. Ohio Feb. 5, 2014). Further, the "undue burden" standard refers to the "burden of compliance." *See, e.g.*, *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004). The subpoena in this case was not issued to defendant and requires no action of him, thus the subpoena does not create an undue burden on him. *See Malibu Media, LLC v. Reynolds*, No. 12 C 6672, 2013 WL 870618, at *6 (N.D. Ill. Mar. 7, 2013).

Defendant also asks me to quash the subpoena or enter a protective order because he is concerned that disclosure of his identity will lead to improper demand letters and other tactics by plaintiff aimed at coercing defendant into settling to avoid further litigation and embarrassment. Defendant's concern, which it claims is based on plaintiff's practices in other lawsuits, is serious but can be mitigated by defendant moving to proceed anonymously, which I have allowed in past similar litigation and which plaintiff states it will not object to. *See Malibu Media, LLC v. Doe*, No. 13-C-0213, 2013 WL 5876192, at *3 (E.D. Wis. Oct. 31, 2013) (By permitting defendant to proceed anonymously, "there will be no risk of public embarrassment and no possibility of plaintiff's using such a risk as leverage in settlement negotiations."). Thus, because plaintiff's subpoena seeks relevant information and does not burden defendant and because any risk of public embarrassment or coercion can be mitigated, I will not quash the subpoena or enter a protective order.

## III. Conclusion

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss, motion to modify subpoena, and motion for protective order (ECF No. 8) are **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of May, 2015.

                                                  s/ Lynn Adelman
                                                  _____
                                                  LYNN ADELMAN
                                                  District Judge